No. 25-20457

IN THE UNITED STATES COURT OF
APPEALS FOR THE FIFTH CIRCUIT

---

SARAH BORCHGREVINK, Soley in her capacity as Independent
Administrator of the Estate of Matthew Ray Shelton, Deceased;
MARIANNA RUTH THOMSON, Statutory Wrongful Death
Beneficiary of Matthew Ryan Shelton, Deceased,
Plaintiffs –Appellees,

v.

SHERIFF ED GONZALEZ
Defendant – Appellant.

---

Appeal from the United States District Court for the Southern District of Texas
In Case No. 4:23-cv-3198, the Honorable George C. Hanks, Jr. presiding.

---

**APPELLANT ED GONZALEZ'S REPLY BRIEF**

---

**GREGORY BURNETT**
Assistant County Attorney
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov
**Office of The Harris County Attorney**
1019 Congress
Houston, Texas 77002

**Attorney For Defendant-Appellant Ed Gonzalez**

# **TABLE OF CONTENTS**

Table of Contents ................................................................................................. III

Table of Authorities ............................................................................................. IV

Argument ................................................................................................................ 1

    I.    THE COURT HAS JURISDICTION OVER THIS APPEAL. ........................................ 1

    II.    SHERIFF GONZALEZ IS ENTITLED TO QUALIFIED IMMUNITY. ............................ 1

Conclusion ............................................................................................................. 8

Attorneys for Ed Gonzalez .................................................................................... 9

Certificate of Service .......................................................................................... 10

Certificate of Compliance ................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

Cases

*Anderson v. Dall. Cnty., Tex.*,
　286 F. App'x 850 (5th Cir. 2008)................................................................5

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009).................................................................................1, 7

*Baldwin v. Dorsey*,
　964 F.3d 320 (5th Cir. 2020) ....................................................................2

*Behrens v. Pelletier*,
　516 U.S. 299 (1996)..................................................................................1

*Brosseau v. Haugen*,
　543 U.S. 194, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004)............................2

*City of Canton v. Harris*,
　489 U.S. ....................................................................................................7

*Cope v. Cogdill*,
　3 F.4th 198 (5th Cir. 2021) .......................................................................8

*Dyer v. Houston*,
　964 F.3d 374 (5th Cir. 2020) ....................................................................8

*Est. of Allison v. Wansley*,
　524 F. App'x 963 (5th Cir. 2015).............................................................5

Est. of *Henson v. Wichita Cnty., Tex.*,
　795 F.2d 456 (5th Cir. 2015) ....................................................................6

*Farmer v. Brennan*,
　511 U.S. 825 (1994)..................................................................................6

*Gobert v. Caldwell*,
　463 F.3d 339 (5th Cir. 2006) ....................................................................5

*Hare v. City of Corinth*,
    74 F.3d 633 (5th Cir. 1996) ...................................................................5, 7

*Jacobs v. West Feliciana Sheriff's Dept.*,
    228 F.3d 388 (5th Cir. 2000) ......................................................................5

*Joseph ex rel. Estate of Joseph v. Bartlett*,
    981 F.3d 319 (5th Cir. 2020) ...................................................................2, 3

*McLin v. Ard*,
    866 F.3d 682 (5th Cir. 2017) ......................................................................4

*Montano v. Orange County*,
    842 F.3d 865 (5th Cir. 2016) ......................................................................4

*Mullenix v. Luna*,
    577 U.S. 7 (2015) ....................................................................................1, 2

*Nagle v. Gusman*,
    2016 WL 768588 ........................................................................................5

*Pearson v. Callahan*,
    555 U.S. 223 (2009) ...................................................................................1

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) ......................................................................5

*Sanchez v. Young County*,
    956 F.3d 785 (5th Cir. 2020) ......................................................................4

*Scott v. Moore*,
    114 F.3d 51 (5th Cir. 1997) ................................................................ 4, 5, 7

*Shepherd v. Dallas County*,
    591 F.3d 445 (5th Cir. 2009) ...................................................................4, 6

*Taylor v. Riojas*,
    592 U.S. 7 (2020) .......................................................................................3

*Thompkins v. Belt*,
    828 F.2d 298 (5th Cir. 1987) ......................................................................7

*Trent v. Wade*,
  776 F.3d 368 (5th Cir. 2015) ...................................................................6

*Turner v. Upton Cnty., Tex.*,
  915 F.2d 133 (5th Cir. 1990) ...................................................................6

Rules

Fed. R. App. P. 32(a)(5) ................................................................................10

Fed. R. App. P. 32(a)(6) ................................................................................10

Fed. R. App. P. 32(a)(7)(B) ..........................................................................10

Fed. R. App. P. 32(f) .....................................................................................10

Fifth Circuit Rule 32.2 ..................................................................................10

# ARGUMENT

## I. The Court Has Jurisdiction Over This Appeal.

The appellees argue that this Court lacks jurisdiction because Sheriff Gonzalez's appeal requires the Court to disregard their well-pled facts. However, this argument mischaracterizes the nature of the Sheriff's appeal. The Sheriff does not dispute the factual allegations but rather contends that the facts, even if accepted as true, fail to establish a violation of clearly established law. This Court has jurisdiction to review the legal sufficiency of the District Court's denial of qualified immunity. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (legal sufficiency of claims is subject to de novo review); *Behrens v. Pelletier*, 516 U.S. 299, 311 (1996) (qualified immunity denials are immediately appealable to the extent they turn on issues of law).

## II. Sheriff Gonzalez Is Entitled to Qualified Immunity.

The appellees fail to demonstrate that Sheriff Gonzalez violated clearly established law. Qualified immunity shields government officials from liability unless their conduct violates a constitutional right that was "clearly established" at the time of the alleged violation. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). To overcome qualified immunity, the appellees must show that the Sheriff's conduct violated a constitutional right that was "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v.*

*Luna*, 577 U.S. 7, 11 (2015). Courts must not "define clearly established law at a high level of generality"; instead, their "inquiry must be undertaken in light of the specific context of the case." *Id*. at 12, 136 S.Ct. 305 (internal quotation marks and citations omitted). Therefore, unless existing precedent "squarely governs" the conduct at issue, an official will be entitled to qualified immunity. See *Brosseau v. Haugen*, 543 U.S. 194, 201, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (per curiam); *Mullenix*, 577 U.S. at 12, 136 S.Ct. 305 (emphasizing that "[t]he *205 dispositive question is whether the violative nature of particular conduct is clearly established" (internal quotation marks and citation omitted)).

    Generally, to satisfy this standard, the plaintiff must "identify[ ] a case in which an officer acting under similar circumstances was held to have violated the [Constitution], and ... explain[ ] why the case clearly proscribed the conduct of that individual officer." *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020) (concluding the defendants were entitled to qualified immunity because the plaintiffs failed to identify an analogous case). While an exact case on point is not required, the confines of the officers' violation must be "beyond debate." *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020) (internal quotation marks and citation omitted), cert. denied, ––– U.S. ––––, 141 S. Ct. 1379, 209 L.Ed.2d 123 (2021) (mem.). Broad general propositions are not enough to overcome qualified immunity. *Id*.

2

Plaintiffs rely on *Taylor v. Riojas*, 592 U.S. 7, 8-9 (2020) to support their case that a conditions- of -confinement claim is appropriate against Sheriff Gonzalez in his individual capacity. Instead, that decision emphasizes the high standard. In *Taylor*, the Supreme Court vacated the Fifth Circuit's grant of qualified immunity to a group of corrections officers for an alleged Eighth Amendment violation. 141 S. Ct. at 53. But that was based upon the Supreme Court's conclusion of how "particularly egregious" and over the top the misconduct at issue was: the officers had allegedly placed the plaintiff, an inmate, in a cell covered in "massive amounts of feces" for four days, only to transfer him to a "frigidly cold cell" where he was "left to sleep naked in sewage." *Id*. (internal quotation marks and citation omitted). Further, the officers acted with a marked callousness; for example, when placing the plaintiff in the second cell, one officer allegedly said that he hoped the plaintiff "would f***ing freeze." *Id*. at 54 (internal quotation marks and citation omitted). Accordingly, under *Taylor*, plaintiffs are only excused of their obligation to identify an analogous case in "extreme circumstances" where the constitutional violation is "obvious." *Id*. at 53–54 (internal quotation marks and citation omitted); see also *Joseph on behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319, 330 (5th Cir. 2020) (explaining that the Supreme Court's qualified immunity precedents allow for the "rare possibility that, in an obvious case, analogous case law is not needed because the unlawfulness of the challenged conduct is sufficiently clear" (cleaned up)).

3

On a motion to dismiss, a defendant, like the Sheriff, is entitled to qualified immunity when the operative pleading lacks sufficient factual allegations to permit a reasonable inference that the individual is liable for the harm alleged. See *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017). Thus, a Sheriff is entitled to qualified immunity on a motion to dismiss absent enough factual allegations to plausibly show his personal involvement. Because Plaintiffs have failed in that regard, Sheriff Gonzalez is entitled to qualified immunity.

1. **No Clearly Established Law Prohibits the Sheriff's Conduct**

The appellees rely on cases such as *Shepherd v. Dallas County,* 591 F.3d 445 (5th Cir. 2009), *Sanchez v. Young County*, 956 F.3d 785 (5th Cir. 2020), and *Montano v. Orange County*, 842 F.3d 865 (5th Cir. 2016) to argue that Sheriff Gonzalez was on notice that his conduct violated clearly established law. However, these cases are distinguishable. In *Shepherd*, the court upheld liability against a municipality, not an individual official, for systemic failures in medical care. Similarly, *Sanchez* and *Montano* involved municipalities, not individual liability. The appellees fail to cite any case law establishing that a sheriff's implementation of policies, without direct involvement in the alleged harm, constitutes a violation of clearly established law. See *Scott v. Moore*, 114 F.3d 51, 54 (5th Cir. 1997) (en banc) (holding that a policymaker cannot be held liable for episodic acts or omissions unless there is evidence of direct involvement or deliberate indifference).

In such cases, a plaintiff "complains first of a particular act of, or omission by, the actor and then points derivatively to a policy, custom, or rule (or lack thereof) of the municipality that permitted or caused the act or omission. *Id*. at 54. For purposes of imposing liability on a defendant in his individual capacity in such a case, a pretrial detainee must establish that the defendant acted with *subjective* deliberate indifference. *Id*. A person acts with subjective deliberate indifference if (1) "he knows that an inmate faces a substantial risk of serious bodily harm; and (2) he disregards that risk by failing to take reasonable measures to abate it." *Anderson v. Dall. Cnty., Tex*., 286 F. App'x 850, 860 (5th Cir. 2008) (citing *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)).

Practices that are "sufficiently extended or pervasive, or otherwise typical of extended or pervasive misconduct," can represent official policy. *Hare v. City of Corinth*, 74 F.3d 633, 645 (5th Cir. 1996). This is because pervasive practices can be evidence that the official policymaker knew of and acquiesced to the misconduct, making the municipality culpable. See *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

"The Fifth Circuit has at least suggested that condition-of-confinement claims are cognizable against individual actors only in their official capacities."[1]

---

[1] *Nagle v. Gusman*, 2016 WL 768588, at *5 (citing *Est. of Allison v. Wansley*, 524 F. App'x 963, 970 (5th Cir. 2015)); *Jacobs v. West Feliciana Sheriff's Dept.*, 228 F.3d 388, 393 (5th Cir. 2000);

While the caption of Plaintiffs' complaint lists Sheriff Gonzalez in his "individual" capacity, Plaintiffs' argument is that Gonzalez's policies caused Shelton's injury. ROA.906, 908-917. Plaintiff's theory of liability "therefore plainly is grounded in municipal liability." *Trent v. Wade*, 776 F.3d 368, 388 (5th Cir. 2015) (plaintiffs' allegation that Chief of Police "implemented unconstitutional policies and failed to properly supervise his officers" demonstrated that they sued him "in his official capacity, not in his individual capacity"). Further, "[i]t has long been recognized that, in Texas, the County sheriff is the County's final policymaker in the area of law enforcement." *Turner v. Upton Cnty., Tex.*, 915 F.2d 133, 136 (5th Cir. 1990).

2. **No Evidence of Deliberate Indifference**

The appellees allege that Sheriff Gonzalez was deliberately indifferent to the risks posed by understaffing, non-monitoring, and inadequate medical care. However, deliberate indifference requires proof that the official was subjectively aware of a substantial risk of harm and disregarded it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The appellees fail to allege facts showing that Sheriff Gonzalez was personally aware of Mr. Shelton's medical condition or that he intentionally disregarded a known risk to Mr. Shelton. Without such specific allegations, the

---

Est. of *Henson v. Wichita Cnty., Tex.*, 795 F.2d 456, 463 (5th Cir. 2015); *Shepherd*, 591 F.3d at 453.

6

Sheriff cannot be held liable under a theory of deliberate indifference. See *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc) (deliberate indifference requires actual knowledge of a substantial risk of harm).

3. **No Personal Involvement in the Alleged Violations**

The appellees' claims against Sheriff Gonzalez are improperly based on a theory of respondeat superior, which is not a valid basis for individual liability under § 1983. Supervisory officials are liable only if they were personally involved in the constitutional violation or if their actions were causally connected to the violation. *Ashcroft v. Iqbal*, 556 U.S. at 676; *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). The appellees fail to allege that Sheriff Gonzalez was personally involved in denying Mr. Shelton insulin or blood glucose monitoring. Instead, they rely on generalized allegations about jail conditions and policies, which are insufficient to establish individual liability. See *Scott v. Moore*, 114 F.3d at 54 (requiring direct involvement or deliberate indifference for individual liability).

4. **No Causal Connection Between Policies and Mr. Shelton's Death**

The appellees fail to establish that Sheriff Gonzalez's policies were the "moving force" behind Mr. Shelton's death. To establish liability under § 1983, the appellees must show that the Sheriff's policies were the direct cause of the constitutional violation. *City of Canton v. Harris*, 489 U.S. at 391. The appellees' allegations of systemic issues in the jail do not establish that the Sheriff's policies

7

directly caused Mr. Shelton's death. See *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (requiring proof of direct causation between policy and harm). Furthermore, Fifth Circuit "precedent suggests that municipalities, not individuals, should generally be held liable for city policies." *Cope v. Cogdill*, 3 F.4th 198, 211 (5th Cir. 2021), cert. denied, No. 21-783, 2022 WL 2347618 (U.S. June 30, 2022).

## CONCLUSION

The appellees have failed to meet their burden of showing that Sheriff Gonzalez violated clearly established law or acted with deliberate indifference. The Sheriff's appeal is properly before this Court, and the District Court's denial of qualified immunity should be reversed.

Date: March 6, 2026.

          Respectfully submitted,

By:   */s/ Gregory Burnett*
      **GREGORY BURNETT**
      Assistant County Attorney
      ATTORNEY-IN-CHARGE
      State Bar No. 24057785
      Fed. Bar No. 3785139
      Tel: (713) 274-5224 (direct)
      gregory.burnett@harriscountytx.gov
      **RACHEL FRASER**
      Assistant County Attorney
      ATTORNEY TO BE NOTICED
      State Bar No. 24079725
      Fed. Bar No. 2553428
      Tel: (713) 274-5383 (direct)
      rachel.fraser@harriscountytx.gov

          **O**FFICE OF **T**HE **H**ARRIS **C**OUNTY
          **A**TTORNEY
          1019 Congress Street
          Houston, Texas 77002

          **ATTORNEYS FOR ED GONZALEZ**

# CERTIFICATE OF SERVICE

      I certify that on March 6, 2026, I filed a true and correct copy of the foregoing brief via the Court's CM/ECF system, which will automatically serve a copy on all parties' counsel.

<u>Appellate and Trial Counsel:</u>

| | |
|---|---|
| Jeff Edwards | John T. Flood |
| Lisa Snead | 819 N. Upper Broadway |
| 603 W. 17th Street | Corpus Christi, Texas 78401 |
| Austin, Texas 78701 | john@floodtriallawyers.com |
| jeff@edwards-law.com | |
| lisa@edwards-law.com | |

<u><i>/s/  Gregory Burnett</i></u><br>
<b>GREGORY BURNETT</b><br>
Assistant County Attorney

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limit of Fifth Circuit Rule 32.2 and Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this brief contains 1789 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows, in Times New Roman 14-point typeface, except for footnotes, which are in Times New Roman 12-point typeface. Case names are italicized or underlined.

<u><i>/s/  Gregory Burnett</i></u><br>
<b>GREGORY BURNETT</b><br>
Assistant County Attorney