# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 17, 2026
Lyle W. Cayce
Clerk

No. 25-20457

Sarah Borchgrevink, *Solely in her capacity as Independent Administrator of* the Estate of Matthew Ryan Shelton, *Deceased*; Marianna Ruth Thomson, Statutory Wrongful Death Beneficiary of Matthew Ryan Shelton, *Deceased*,

*Plaintiffs—Appellees*,

*versus*

Sheriff Ed Gonzalez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-3198

Before King, Higginson, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Matthew Shelton, a Type-1 diabetic and pretrial detainee at Harris County Jail, died an agonizing death from diabetic ketoacidosis after he was allegedly not monitored or given insulin for four days. Plaintiffs–Appellees Sarah Borchgrevink and Marianna Ruth Thompson sued, *inter alia*,

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Defendant–Appellant Sheriff Ed Gonzalez in his individual capacity under 42 U.S.C. § 1983 for Fourteenth Amendment violations, alleging (in their 135-page operative complaint) that Gonzalez's policies, practices, and customs in the jail, as well as his failure to train and supervise the jail officers, resulted in Shelton's death. Gonzalez moved to dismiss, claiming qualified immunity, which the district court denied in its thorough order. Gonzalez timely appealed.

As an initial matter, we address Appellees' challenge to our jurisdiction. Under the collateral order doctrine, we have jurisdiction over interlocutory appeals from denials of qualified immunity on a motion to dismiss. *Ramirez v. Escaja*, 921 F.3d 497, 500 (5th Cir. 2019). But we "may not 'review the simple denial of a motion to dismiss for failure to state a claim.'" *Id.* at 499 (quoting *Brown v. Miller*, 519 F.3d 231, 238 (5th Cir. 2008)). In other words, we "may review 'whether the facts pleaded establish' 'a violation of clearly-established law,'" *id.* at 501 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009)), but we may not "question the credibility of the facts pleaded," *id.* Here, Appellees argue that we lack jurisdiction over Gonzalez's appeal because "every argument of [] Gonzalez requires the Court to entirely disregard [Appellees'] operative complaint[.]"Gonzalez rebuts that he "does not dispute the factual allegations but rather contends that the facts, even if accepted as true, fail to establish a violation of clearly established law." We agree with Gonzalez; his brief does not *contradict* the facts alleged but rather claims that the facts alleged are insufficient to show he violated a clearly established constitutional right. Accordingly, have jurisdiction over Gonzalez's appeal.

Moving to the merits, our precedent confirms that Appellees' case may proceed against Sheriff Gonzalez. *See Colle v. Brazos Cnty.*, 981 F.2d 237, 246 (5th Cir. 1993), *abrogated on other grounds by Leatherman v. Tarrant Cnty.*

*Narc. Intel. & Coord. Unit*, 507 U.S. 163, 165 (1993). We thus find no error in the district court's denial of qualified immunity at this stage.

AFFIRMED.